## UNITED STATES

v.

**Airman First Class Peter A. NAND, FR 313–78–6989, United States Air Force.**

ACM S26087.

U.S. Air Force Court of Military Review.

Sentence Adjudged 9 June 1983.

Decided 16 Feb. 1984.

Appellate Counsel for the Accused: Colonel George R. Stevens, Captain John V. Sullivan, and Captain Rebecca S. Weeks (on the brief).

Appellate Counsel for the Government: Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams, Jr.

Before KASTL, CANELLOS and RAICHLE, Appellate Military Judges.

## DECISION

PER CURIAM:

Contrary to his pleas, the accused was convicted of wrongful use of marijuana. The government case was based solely on a urinalysis test and the resulting laboratory test reports. The accused now complains that the military judge erred in denying trial defense counsel's motion to suppress evidence of the urine test based on Fourth Amendment grounds. We disagree and affirm.

A brief recitation of the facts is necessary to put this issue in its proper perspective. On 7 March 1983 the accused was sent to the USAF clinic for a routine occupational physical examination. Part of this physical required a urine specimen which the ac-

cused submitted, but which tested out as water. The laboratory technician, Staff Sergeant M, asked the accused to submit another sample that day but he left the clinic instead. As a result, the noncommissioned officer in charge of physical examinations called the accused's commander, Lieutenant T, and told him that the accused had submitted water for a urine sample and that a valid sample was still needed to complete the physical. The next day Lieutenant T ordered the accused to return to the clinic and provide a urine sample. Upon his arrival at the clinic, the accused told Staff Sergeant M that he was there for a urine test. Staff Sergeant M, being suspicious because of the water sample submitted the day before and having been told by Lieutenant T that the accused was on his way to the clinic to complete his physical, treated this test as a commander directed urinalysis drug test although he had not been told to do so. As a result, he obtained the urine sample using the procedures mandated for a drug screen rather than those for a routine physical. Part of the urine sample was used to complete the physical examination and the remainder was sent away for drug testing. The sample tested positive for tetrahydrocannabinol (THC), the active constituent of marijuana. These test results and testimony from the laboratory technicians who performed the tests encompassed the entire prosecution case.

In an excellent brief submitted pursuant to Article 38(c), U.C.M.J., 10 U.S.C. § 838(c), the accused argues that Mil.R. Evid. 312(d), *Seizure of bodily fluids,* governs this case and that since the seizure was neither pursuant to a valid authorization nor under exigent circumstances, it must fail. The government counters that the seizure was performed pursuant to Mil.R. Evid. 312(f), *Intrusions for valid medical purposes,* and the evidence is thus admissible. We agree that the evidence is admissible.

■ The argument propounded by the accused has been overcome by the Court of Military Appeals decision in the case of *Murray v. Haldeman,* 16 M.J. 74 (C.M.A.

1983). In that case the Court held that Mil.R.Evid. 312(d) did not govern situations where a urine specimen was obtained by an order to a servicemember that he provide such a specimen; the Court noted that the term "extraction" in Mil.R.Evid. 312(d) did not encompass compelling someone to provide a urine specimen through the normal process of excretion, as opposed to catheterization, for example. Therefore, Mil.R. Evid. 312(d) is inapposite to the facts of this case.

■ We believe that the procedure used in this case amounted to neither a search nor seizure but, rather, is governed by Mil. R.Evid. 312(f). That provision states:

(f) *Intrusions for valid medical purposes.* Nothing in this rule shall be deemed to interfere with the lawful authority of the armed forces to take whatever action may be necessary to preserve the health of a service member. Evidence or contraband obtained from an *examination* or intrusion conducted for a valid medical purpose may be seized and is not evidence obtained from an unlawful search or seizure within the meaning of rule 311. (emphasis added).

■ We find that the urine sample and the laboratory test results therefrom were obtained during an occupational physical examination which was conducted for a valid medical purpose, i.e., to ensure the good health and well-being of the accused. The urinalysis test was not conducted in an offensive manner or under circumstances which would tend to humiliate or degrade the accused, and there is no evidence that the commander's order that the sample be given was in any manner a subterfuge to acquire evidence for prosecution. The fact that a portion of the urine sample was used for another purpose is irrelevant since the sample was validly taken. *See United States v. Foley,* 12 M.J. 826 (N.M.C.M.R. 1981); *see also United States v. Armstrong,* 9 M.J. 374 (C.M.A.1980), *United States v. Miller,* 15 U.S.C.M.A. 320, 35 C.M.R. 292 (1965), and Air Force Regulation 30–2, Social Actions Program, para. 4–2D(1)(d) (22

Jun 81) (I.M.C. 82–3, 22 Dec 1982). Accordingly, we find the evidence was admissible.

We have considered the remaining assignment of error and resolved it adversely to the accused. *Murray v. Haldeman,* 16 M.J. 74 (C.M.A.1983); *United States v. Trottier,* 9 M.J. 337 (C.M.A.1980).

Accordingly, the findings of guilty and the sentence are

AFFIRMED.